MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

KELVIN MEJIA MENDEZ and ANDRES
PEREZ, *individually and on behalf of others
similarly situated,*

|  |  |
|---|---|
| | **18-cv-9910** |
| Plaintiffs, | |
| | **FIRST AMENDED COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| SWEET SAM'S BAKING COMPANY LLC | |
| (D/B/A SWEET SAM'S BAKING | **ECF Case** |
| COMPANY), DAVID GROGAN , and | |
| ESPERANZA LOPEZ , | |
| | |
| Defendants. | |

-------------------------------------------------------X

Plaintiffs Kelvin Mejia Mendez and Andres Perez , individually and on behalf of others

similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace &

Associates, P.C., upon their knowledge and belief, and as against Sweet Sam's Baking Company

LLC (d/b/a Sweet Sam's Baking Company), ("Defendant Corporation"), David Grogan and

Esperanza Lopez, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are both current and former employees of Defendants Sweet Sam's Baking

Company LLC (d/b/a Sweet Sam's Baking Company), David Grogan, and Esperanza Lopez.

2.       Defendants own, operate, or control a baking company, located at 1261 Seabury

Avenue, Bronx, New York 10462 under the name "Sweet Sam's Baking Company".

3.      Upon information and belief, individual Defendants David Grogan and Esperanza Lopez, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the bakery as a joint or unified enterprise.

4.      Plaintiffs have been employed as production employees at the bakery located at 1261 Seabury Avenue, Bronx, New York 10462.

5.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that they have worked.

6.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

8.      At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a baking company located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

### *Plaintiffs*

13.     Plaintiff Kelvin Mejia Mendez ("Plaintiff Mejia" or "Mr. Mejia") is an adult individual residing in Bronx County, New York.

14.     Plaintiff Mejia was employed by Defendants at "Sweet Sam's Baking Company" from approximately August 2016 until on or about September 12, 2018.

15.     Plaintiff Andres Perez ("Plaintiff Perez" or "Mr. Perez") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Perez has been employed by Defendants at "Sweet Sam's Baking Company" from approximately August 15, 2016 until the present date.

### *Defendants*

17.     At all relevant times, Defendants own, operate, or control a baking company, located at 1261 Seabury Avenue, Bronx, New York 10462 under the name "Sweet Sam's Baking Company".

18.     Upon information and belief, Sweet Sam's Baking Company LLC (d/b/a Sweet Sam's Baking Company) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1261 Seabury Avenue, Bronx, New York 10462.

19.     Defendant David Grogan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Grogan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant David Grogan possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Esperanza Lopez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Esperanza Lopez is sued individually in her capacity as a manager of Defendant Corporation. Defendant Esperanza Lopez possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a baking company located in the Parkchester and Westchester Square section of the Bronx in New York.

22.     Individual Defendants, David Grogan and Esperanza Lopez, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendant David Grogan operates Defendant Corporation as either an alter ego of  himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c)  transferring assets and debts freely as between all Defendants,

   d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

  e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

  f) intermingling assets and debts of his own with Defendant Corporation,

  g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

  h) Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

29. In each year from 2016 to 2018, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the bakery on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

31. Plaintiffs are both current and former employees of Defendants who have been employed as production employees.

32. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Kelvin Mejia Mendez*

33. Plaintiff Mejia was employed by Defendants from approximately August 2016 until on or about September 12, 2018.

34.     Defendants employed Plaintiff Mejia as a production employee.

35.     Plaintiff Mejia regularly handled goods in interstate commerce, such as bakery products and other supplies produced outside the State of New York.

36.     Plaintiff Mejia's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Mejia regularly worked in excess of 40 hours per week.

38.     From approximately August 2016 until on or about December 2016, Plaintiff Mejia worked from approximately 11:00 a.m. until on or about 12:45 a.m. to 2:00 a.m., 5 days a week (typically 68.75 to 75 hours per week).

39.     From approximately December 5, 2016 until on or about August 2017, Plaintiff Mejia worked from approximately 11:00 a.m.  until on or about 12:00 a.m., 5 days a week (typically 65 hours per week).

40.     From approximately September 1, 2017 until on or about September 15, 2017, Plaintiff Mejia worked from approximately 11:00 a.m. until on or about 9:30 p.m., 5 days a week (typically 52.5 hours per week).

41.     From approximately September 16, 2017 until on or about September 30, 2017, Plaintiff Mejia worked from approximately 11:30 a.m. until on or about 11:00 p.m., 5 days a week (typically 57.5 hours per week).

42.     From approximately October 2017 until on or about March 2018, Plaintiff Mejia worked from approximately 11:00 a.m. until on or about 8:30 p.m. to 10:00 p.m., 5 days a week (typically 47.5 to 55 hours per week).

43.     From approximately March 2018 until on or about September 12, 2018, Plaintiff Mejia worked from approximately 11:00 a.m. until on or about 8:30 p.m. to 9:30 p.m., 5 days a week (typically 47.5 to 52.5 hours per week).

44.     Throughout his employment, Defendants paid Plaintiff Mejia his wages by check.

45.     From approximately August 2016 until on or about December 2016, Defendants paid Plaintiff Mejia $9.00 per hour for his first 40 hours and $13.50 for some of the overtime  hourshe worked .

46.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Mejia $11.00 per hour for his first 40 hours and $16.50 for some of the overtime hours he worked.

47.     From approximately January 2018 until on or about September 12, 2018, Defendants paid Plaintiff Mejia $13.00 per hour for his first 40 hours and $19.50 for some of the overtime hours he worked.

48.     Plaintiff Mejia's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

49.     For example, Defendants required Plaintiff Mejia to work an additional 1 hour to 2 hours past his scheduled departure time every day, and did not pay him for the additional time he worked.

50.     Although Plaintiff Mejia was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Mejia was not compensated for all of the hours that he worked.

51.     On a number of occasions, Defendants required Plaintiff Mejia to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

52.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Mejia regarding overtime and wages under the FLSA and NYLL.

53.     Defendants did not provide Plaintiff Mejia an accurate statement of wages, as required by NYLL 195(3).

54.     In fact, Defendants adjusted Plaintiff Mejia's paystubs so that they reflected inaccurate wages and hours worked.

55.     Defendants did not give any notice to Plaintiff Mejia, in English and in Spanish (Plaintiff Mejia's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Andres Perez*

56.     Plaintiff Perez has been employed by Defendants from approximately August 15, 2016 until the present date.

57.     Defendants have employed Plaintiff Perez as a production employee.

58.     Plaintiff Perez has regularly handled goods in interstate commerce, such as bakery products and other supplies produced outside the State of New York.

59.     Plaintiff Perez's work duties have required neither discretion nor independent judgment.

60.     Throughout his employment with Defendants, Plaintiff Perez has regularly worked in excess of 40 hours per week.

61.     From approximately August 2016 until on or about December 5, 2016, Plaintiff Perez worked from approximately 11:00 a.m. until on or about 2:00 a.m., 5 days a week (typically 70 hours per week).

62.     From approximately December 6, 2016 until on or about August 2017, Plaintiff Perez worked from approximately 11:00 a.m. until on or about 12:00 a.m., 5 days a week (typically 65 hours per week).

63.     From approximately September 1, 2017 until on or about September 15, 2017, Plaintiff Perez worked from approximately 11:00 a.m. until on or about 9:30 p.m., 5 days a week (typically 52.5 hours per week).

64.     From approximately September 16, 2017 until on or about September 30, 2017, Plaintiff Perez worked from approximately 11:30 a.m. until on or about 11:00 p.m., 5 days a week (typically 57.5 hours per week).

65.     From approximately October 2017 until on or about March 2018, Plaintiff Perez worked from approximately 11:00 a.m. until on or about 11:30 p.m., 5 days a week (typically 62.5 hours per week).

66.     From approximately March 2018 until on or about September 2018, Plaintiff Perez worked from approximately 11:00 a.m. until on or about 9:30 p.m. to 10:00 p.m., 5 days a week (typically 52.5 to 55 hours per week).

67.     From approximately October 2018 until the present date, Plaintiff Perez has worked from approximately 11:00 a.m. until on or about 9:00 p.m., 5 days a week (typically 50 hours per week).

68.     Throughout his employment, Defendants have paid Plaintiff Perez his wages by check.

69.     From approximately August 2016 until on or about December 2016, Defendants paid Plaintiff Perez $9.00 per hour for his first 40 hours and $13.50 for some of the overtime hours he worked.

70.     From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Perez $11.00 per hour for his first 40 hours and $16.50 for some of the overtime hours he worked.

71.     From approximately October 2018 until the present date, Defendants have paid Plaintiff Perez $13.00 per hour for his first 40 hours and $19.50 for some of the overtime hours he has worked.

72.     Plaintiff Perez's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

73.     For example, Defendants have required Plaintiff Perez to work an additional 30 minutes to 1 hour past his scheduled departure time every day, and have not paid him for the additional time he has worked.

74.     Although Plaintiff Perez has been required to keep track of his time, Defendants have required him to record fewer hours than he actually has worked. As a result, Plaintiff Perez has not been compensated for all of the hours that he worked.

75.     On a number of occasions, Defendants have required Plaintiff Perez to sign a document, the contents of which he has not been allowed to review in detail, in order to release his weekly pay.

76.     On a number of occasions, Defendants have required Plaintiff Perez to sign a document, the contents of which he has not been allowed to review in detail.

77.     No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Perez regarding overtime and wages under the FLSA and NYLL.

78.     Defendants have never provided Plaintiff Perez an accurate statement of wages, as required by NYLL 195(3).

79.     In fact, Defendants have adjusted Plaintiff Perez's paystubs so that they reflect inaccurate wages and hours worked.

80.     Defendants have never given any notice to Plaintiff Perez, in English and in Spanish (Plaintiff Perez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

81.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage and overtime compensation as required by federal and state laws.

82.     Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

83.     Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and have resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

84.     Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

85.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

86.     Defendants' time keeping system has not reflected the actual hours that Plaintiffs have worked.

87.     On a number of occasions, Defendants have required Plaintiffs to sign a document the contents of which they have not been allowed to review in detail.

88.     Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

89.     Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

90.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

91.     Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

92.     Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

93.     Defendants have failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

94.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

95.     At all relevant times, Plaintiffs and other members of the FLSA Class have been similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

96.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

97.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

98.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

99.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

100.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

101.    Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

102.    Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

103.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

104.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

105.    Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

106.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

107.    Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

108.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

109.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

110.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

111.     Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

112.     Plaintiffs have been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

113.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

114.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

115.     Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

116.     Plaintiffs have been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

117.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118.     Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day

designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

119.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

120.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.    With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

122.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)      Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)      Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)      Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)      Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL are willful as to Plaintiffs;

(l)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
   October 30, 2018

          MICHAEL FAILLACE & ASSOCIATES, P.C.

      By:    /s/ Michael Faillace
         Michael Faillace [MF-8436]
         0 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiffs*