```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
KELVIN MEJIA MENDEZ and ANDRES PEREZ,                                   :
individually and on behalf of others similarly situated,                :
                                                                        :
                                Plaintiffs,                             :
                                                                        :     18-CV-9910 (JMF)
                -v-                                                     :
                                                                        :     MEMORANDUM OPINION
SWEET SAM'S BAKING COMPANY LLC                                          :     AND ORDER
(d/b/a SWEET SAM'S BAKING COMPANY)                                      :
DAVID GROGAN, and ESPERANZA LOPEZ,                                      :
                                                                        :
                                Defendants.                             :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Plaintiffs bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* On April 12, 2019, Plaintiffs moved for conditional certification of a FLSA collective action and for approval of a collective action notice. Docket No. 42. Defendants filed a response consenting to Plaintiffs' request for collective certification, but proposing changes to Plaintiffs' proposed collective notice and opt-in consent form. *See* Docket No 47.

      Accordingly, and upon review of the parties' submissions, Plaintiffs' motion for conditional certification is GRANTED as unopposed.

      With respect to the two disputed aspects of the proposed notice and Plaintiffs' proposed methods of dissemination, *see* Docket No. 48, the Court rules as follows:

- The Court agrees with Plaintiffs that some of Defendants' proposed language in Section V ("Effect of Not Joining This Lawsuit") is inaccurate and should therefore be stricken. The decision of a Production Group 2 employee not to opt into the

collective action does not necessarily mean that he or she would not be called on by either party to provide testimony as a *witness* in a trial or deposition.

- The Court also agrees with Plaintiffs that dissemination of notice by text message is appropriate. Defendants go too far in arguing that courts endorse text-message notification *only* where a plaintiff establishes that the defendant's industry is subject to high turnover, *see, e.g.*, *Cabrera v. Stephens*, No. 16-CV-3234 (ADS) (SIL), 2017 WL 4326511, at *8 (E.D.N.Y. Sept. 28, 2017) (permitting text-message notification where "multiple potential opt-in plaintiffs [were] no longer employed with Defendants"), and Plaintiffs need not show that first-class mail will be inadequate on its own, *see Kucher v. Domino's Pizza, Inc.*, No. 16-CV-2492 (AJN), 2017 WL 2987216, at *7 (S.D.N.Y. May 22, 2017) ("[C]ourts in this Circuit routinely permit alternative methods of notice as a supplement to mailing: they do not require that plaintiffs waste time during a limited opt-in period first proving that letters were not delivered."). Here, where Production Group 2 Employees are relatively low-paid, somewhat transient, "non-English speaking immigrants," *see* Docket Nos. 45, 46, 48, none of which Defendants contest, "notice via text message is likely to be a viable and efficient means of communicating with many prospective members of this collective action," *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-CV-2625 (RJS), 2015 WL 4240985, at *5 (S.D.N.Y. July 13, 2015).

- The Notice and Consent to Be Party Plaintiff form does not include any information about how Plaintiffs' counsel will be paid if there is a recovery. Counsel is directed to Docket No. 26 in *Tamay et al. v. Mr. Kabob Restaurant, Inc.*, 15-CV-5935 (JMF), and Docket No. 61 in *Sanz et al. v. Johny Utah 51 LLC et al.*, 14-CV-

4380 (JMF), for examples of language and consent forms that the Court has previously approved in these respects. The proposed form should be revised to include language about payment.

- The proposed Consent to Be Party Plaintiff form shall be revised to include reference to the fact that a putative plaintiff is permitted to proceed with alternative counsel of his or her choosing at his or her own expense. Counsel is, again, directed to Docket No. 26 in *Tamay et al. v. Mr. Kabob Restaurant, Inc.*, 15-CV-5935 (JMF), and Docket No. 61 in *Sanz et al. v. Johny Utah 51 LLC et al.*, 14-CV-4380 (JMF), for examples of language and consent forms that the Court has previously approved.

- The Notice and Consent to Be Party Plaintiff form shall be revised to require that an opt-in plaintiff submit the Consent form directly to the Clerk of Court rather than to Plaintiffs' counsel. Further, the form shall be revised to reference the deadline by which it must be submitted to the Court.

Accordingly, the Court ORDERS as follows:

1. The amended proposed collective action notice attached as Exhibit "A" to Defendants' "Letter Response to Motion," dated April 26, 2019 (Docket No. 47), is hereby approved, except as modified above, for mailing to potential plaintiffs. Plaintiffs shall provide revised versions of the Notice — including the Text Message Notification — and proposed "Consent to Be Party Plaintiff" form to Defendants no later than **May 29, 2019**. If Defendants object to any of the proposed revisions, the parties shall advise the Court on later than **May 31, 2019**.

2. The collective class of potential plaintiffs in this matter shall consist of all current and former employees who worked under the supervision of Esperanza Lopez in the work

group "Production 2" from on or after October 26, 2015. *See, e.g.*, *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) ("Notice would normally be provided to those employed within three years of the date of the notice. However, because equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date.") (internal citations and quotation marks omitted)).

3. Defendants shall provide Plaintiffs with the names, last known addresses, and mobile phone numbers of all potential opt-in plaintiffs who worked in Production Group 2 from October 26, 2015 to the present date, **no later than fourteen (14) days after the date of this Order**. This information shall be supplied in paper form, and also digitally in one of the following formats: Microsoft Excel or Microsoft Word.

4. Plaintiffs shall mail — in both English and Spanish, or any other language deemed appropriate — the Court-Authorized Notice and the Consent to Be Party Plaintiff forms to all potential plaintiffs no later than fourteen (14) days following the defendants' disclosure of the names, last known addresses, and telephone numbers of the potential opt-in plaintiffs. If notice to any potential opt-in plaintiff is returned as undeliverable, Plaintiffs' counsel is permitted to mail the notice to such potential plaintiff again at any other address determined to be reasonable.

5. Plaintiffs' counsel shall send the Text Message Notification to all mobile phone numbers provided by Defendants no later than fourteen (14) days following Defendants' disclosure of the numbers. Plaintiffs' counsel shall send the Notification

   **only once** to each number and **shall not** otherwise communicate with and/or remind potential opt-in plaintiffs by text message.

6. Defendants shall post notices in English and Spanish in a conspicuous non-public location at their place of business. *See, e.g.*, *Sanchez v. Salsa Con Fuego, Inc.*, No. 16-CV-473 (RJS) (BCM), 2016 WL 4533574, at *7 (S.D.N.Y. Aug. 24, 2016) ("[C]ourts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." (internal quotation marks omitted)).

7. All potential collective action members must opt-in by returning the executed form entitled "Consent to Be Party Plaintiff" form to the Clerk of Court no later than sixty (60) days following the date of mailing of the notice.

   **The Clerk of Court is directed to terminate Docket No. 42.**

   SO ORDERED.

Dated: May 23, 2019
       New York, New York

_____
JESSE M. FURMAN
United States District Judge