# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42ⁿᵈ Street, Suite 4510                                            Telephone: (212) 317-1200
New York, New York 10165                                                   Facsimile: (212) 317-1620
————————

jandrophy@faillacelaw.com

March 9, 2020

**<u>Via ECF</u>**
Hon. Stewart J. Aaron
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>Mejia Mendez et al v. Sweet Sam's Baking Company LLC, et al</u>
                <u>1:18-cv-9910 (SJA)</u>

Your Honor:

      This office represents Plaintiffs Kelvin Mejia Mendez, Andres Perez, and Johanny Demoya in the above referenced matter. Plaintiffs write jointly with defendants Sweet Sam's Baking Company LLC, David Grogan, and Esperanza Lopez to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

      The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions, including a settlement conference before Your Honor at which the parties accepted the Court's recommended settlement amounts.  A copy of the Agreement is attached hereto as "Exhibit A."   We therefore ask the Court to approve the settlement, pursuant to <u>*Cheeks v. Freeport Pancake House*, Inc.</u>, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

## 1. <u>Background</u>

      Plaintiffs filed their Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Miscellaneous Industry Wage Order of the New York

Page 2

Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.18 and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Plaintiffs Mejia Mendez and Perez primarily alleges that they worked hours which they were not paid for. They claimed that they would be required on a regular basis to work hours after clocking out and received no compensation for such work. Perez and Mejia Mendez allege that typically they would work 30 minute to two hours of off the clock time per day, for which they were not compensated at all.

Demoya did not make the same claim, but did allege that on certain occasions the time clock did not properly record her time and therefore she was not properly compensated. She also alleged that she was owed some spread of hours pay.

Defendants categorically deny the allegations in the Complaint.

2. **Fairness of Settlement Terms**

Plaintiffs approximated that they were owed overtime wages in the following amounts if they prevailed to the fullest extent:

- Kelvin Mejia Mendez: $14,073.75

- Andres Perez: $16,998.75

- Johanny Demoya: $2,196.18

Plaintiffs alleges that collectively, if they recovered in full for their allegations, they would be owed approximately $142,000.

The parties have agreed to settle this action for the total sum of $22,998. The settlement will be paid in a single payment.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's

Page 3

overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008

U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v.*

*United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*,

No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed

settlement reflects a reasonable compromise over contested issues, the settlement should be

approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that

went to the heart of Plaintiffs' claims. Defendants possessed substantial employment records, and

if these records were credited by a fact finder, Plaintiffs would likely recover substantially less

unpaid wages than the settlement amount, much less their damages calculation. Indeed, trial in this

matter presented the possibility that Plaintiffs may recover no wages at all, or a negligible recovery.

Considering the risks in this case outlined above, and discussed with the Court at the settlement

conference, Plaintiffs believe that this settlement is an excellent result, and should be approved as

fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3

(S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case

to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a

reasonable compromise over contested issues, the court should approve the settlement.").

### 3.   Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreement with the Plaintiffs,

Plaintiffs' counsel will receive $9,199.20 from the settlement fund as attorneys' fees and costs.

This represents forty percent of the recovery in this litigation, in accordance with Plaintiffs'

retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the

firm.

Page 4

Plaintiffs' counsel's lodestar in this case is attorneys' fees of $31,345.00 and costs of $2,227.87, for a total of $33,572.87.  A copy of Plaintiffs' billing record is attached as Exhibit B. The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. In this case the Plaintiffs' attorneys' lodestar far exceeds the amount of recovery Plaintiffs' attorneys will receive.  While district courts in this Circuit have commonly limited attorneys' fees to 1/3 of the recovery in FLSA settlements, the Second Circuit Court of Appeals recently rejected such a proportionality rule. *Fisher v. S.D. Prot. Inc.*, 2020 U.S. App. LEXIS 3295, *14-*19 (2d Cir. Feb. 4, 2020).  In *Fisher* the Second Circuit reversed a district court's presumption of a 33% limit as an outcome determinative factor on attorneys' fees in FLSA settlements.  *Id.*  The Second Circuit observed that if plaintiffs' attorneys were limited to such a proportional fee, no rational attorney would take small recovery or "run of the mill" cases and employees would be left will little redress for alleged violations. *Id.* 2020 U.S. App. LEXIS 3295, *17.  Here, Plaintiffs' attorneys' lodestar is more than three times the amounts that Plaintiffs' attorneys are to recover from the settlement, and in fact exceeds the settlement amount.  Awarding attorneys' fees of 40% of the total settlement is reasonable and in accordance with *Fisher* and with Plaintiffs' retainer agreements with their attorneys.

In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. Given Plaintiffs' counsel's significant experience representing Plaintiffs in the New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result before trial due to the parties' cooperative exchange of information and frequent and on-going negotiations.  A brief biography of each attorney who performed billed work in this matter is as follows:

Page 5

i.     Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis, and is indicated by the initials "MF." Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983.  From 1983 to 2000, Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM).   Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law.  He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

ii.     Joshua Androphy is a senior attorney at Michael Faillace & Associates. Androphy graduated from Columbia Law School in 2005, where he was a Harlan Fiske Stone Scholar and a managing editor for the Columbia Journal of Law and Social Problems. Following law school, Androphy worked as an associate at Olshan Frome Wolosky LLP, practicing commercial and employment litigation for seven years. Androphy joined Michael Faillace &Associates, P.C. in 2012 and has litigated more than one hundred employment actions, including over 20 trials. Androphy has been recognized as a Super Lawyers Rising Star for employment litigation in 2014, 2015, 2016, 2017, and 2018.  His work is billed at the rate of $400 per hour and indicated by the initials "JA."

iii.     Work performed by paralegals is indicated by the initials "PL" and billed at the rate of $100 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties

are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Joshua S. Androphy
Joshua S. Androphy
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiffs

Enclosures