## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into as of the Effective Date, defined below, between Kelvin Mejia Mendez, ("Mejia"), Andres Perez ("Perez"), and Johanny Demoya ("Demoya"), (collectively, "Plaintiffs"), Sweet Sam's Baking Company LLC, d/b/a Sweet Sam's Baking Company ("Sweet Sam's"), David Grogan ("Grogan"), and Esperanza Lopez ("Lopez") (collectively "Defendants"). Plaintiffs and Defendants are collectively referred to as the "Parties" and individually as a "Party".

## W I T N E S S E T H:

**WHEREAS,** Plaintiffs have made certain allegations against Defendants regarding Defendants' failure to pay wages to them arising out of their alleged employment with Defendants in a complaint (inclusive of any amendments), Civil Action No. 18-cv-09910, filed in the United States District Court for the Southern District of New York (the "Action");

**WHEREAS,** Defendants have denied and continue to deny the allegations made against them contained in the Action or that they engaged in any other wrongful conduct against Plaintiffs;

**WHEREAS,** with the assistance of Magistrate Judge Stewart D. Aaron during a settlement conference held on January 14, 2020, the Parties agreed to resolve this matter solely to avoid the costs, burdens and uncertainty of protracted litigation; and the execution of this Agreement shall not be construed as an admission of liability of any nature by Defendants, and in fact it is understood that Defendants have expressly disclaimed liability; and

**WHEREAS,** the Parties acknowledge that *bona fide* disputes and controversies exist between them, both as to liability and the amount thereof, if any, and by reason of such disputes and controversies they desire to compromise and have agreed to resolve amicably and settle fully, finally, and in a confidential manner all of their past, present, and any future claims, disputes, and potential disputes that existed or may exist, including but not limited to those relating to the subject matter of the disputes, arising out of or related to Plaintiffs' allegations in the Action, pursuant to the terms and conditions of this Agreement;

**NOW, THEREFORE,** in consideration of the above recitals and mutual releases, promises, rights, covenants, and obligations contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the Parties, having been represented by counsel and intending to be legally bound, and having independently concluded that it is in their respective best interests to do so, agree as follows:

(The foregoing "whereas" clauses are true and correct and incorporated by reference as part of this Agreement.)

1. **Settlement Payment.**

    a.  Defendants shall pay Plaintiffs a total sum of $22,998.00 (the "Settlement Payment")

{N0115148.1}

within thirty (30) days following the date on which the Court in the Action enters an Order approving this Agreement, provided that: (a) this Agreement and the attached Stipulation of Dismissal ("Stipulation") are fully executed by the Parties; (b) the Court approves this Agreement and its settlement terms; and (c) the Stipulation is So-Ordered by the Court.

      b.     Subject to the conditions set forth in Section 1.a. above, the Settlement Payment will be delivered via mail to Michael Faillace & Associates, P.C. c/o Joshua S. Androphy, Esq., 60 East 42nd Street, Suite 4510, New York, New York 10165 in the form of seven (7) checks as follows:

          i.     One check in the gross amount of $2,999.70, and made payable to "Kelvin Mejia Mendez", which shall be paid as a payroll check with all applicable withholdings.

          ii.     One check in the gross amount of $2,999.70, and made payable to "Kelvin Mejia Mendez", which shall be paid as a non-payroll check without withholdings.

          iii.     One check in the gross amount of $2,999.70, and made payable to "Andres Perez", which shall be paid as a payroll check with all applicable withholdings.

          iv.     One check in the gross amount of $2,999.70, and made payable to "Andres Perez", which shall be paid as a non-payroll check without withholdings.

          v.     One check in the gross amount of $900.00, and made payable to "Johanny Demoya" which shall be paid as a payroll check with all applicable withholdings.

          vi.     One check in the gross amount of $900.00, and made payable to "Johanny Demoya" which shall be paid as a non-payroll check without withholdings.

          vii.     One check issued in the amount of $9,199.20, and made payable to "Michael Faillace & Associates, P.C.," Plaintiffs' attorneys, as and for attorneys' fees and costs.

      c.     It is the intent and desire of Plaintiffs that the designated portions of the Settlement Payment described in Sections 1.b.(i), (iii), and (v) of this Agreement shall constitute the payment of wages and shall, therefore, be subject to all applicable federal, state, and local tax withholdings in accordance with the most recent IRS Form W-4 executed by the Plaintiffs and on file with Sweet Sam's. Sweet Sam's shall issue an IRS Form W-2 to Plaintiffs with respect to this portion of the Payment.

      d.     The Settlement Payment referred to in Section 1.b.(ii), (iv), and (vi) shall be treated as 1099 income under the Internal Revenue Code and any state or local applicable law or regulation. Michael Faillace & Associates, P.C., shall provide Sweet Sam's with a fully executed IRS form W-9 as a pre-condition to the issuance of these checks.

      e.     The intent and desire of Plaintiffs is that the portion of the Settlement Payment paid to Plaintiffs pursuant to Sections 1.b.(ii), (iv), and (vi) of this Agreement shall not be attributable to nor shall it be considered as, in the nature of, or substitute for, wages. Rather, it is intended by Plaintiffs that the Settlement Payment paid to Plaintiffs pursuant to Sections 1.b.(ii), (iv), and (vi) of this

Agreement be in the nature of liquidated damages and interest. An IRS Form 1099 shall be issued to Plaintiffs with respect to the portion of the Settlement Payment paid to Plaintiffs pursuant to Sections 1.b.(ii), (iv), and (vi) of this Agreement. Plaintiffs shall provide Sweet Sam's with a fully executed IRS Form W-9 as a precondition of the payment of the portion of the Settlement Payment paid to Plaintiffs pursuant to Sections 1.b.(ii), (iv), and (vi) of this Agreement. Plaintiffs acknowledge and agree that Defendants are not providing any tax advice or representation by this Agreement. Plaintiffs are personally responsible for payment of all taxes and any tax liability resulting from the payment of any portion of the Settlement Payment allocated as non-wage damages and interest. The Parties shall promptly notify each other of any claim or inquiry by the IRS or any other governmental authority arising under or related to this Agreement.

    f.    The Parties acknowledge and agree that the Settlement Payment is made in satisfaction of all claims that were or could have been asserted by Plaintiffs under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and to any and all attorneys' fees, costs, expenses, liquidated damages, interest, and administrative costs.

2. **Releases.**

    a.    As a material inducement to Defendants to enter into this Agreement, and in consideration of the Settlement Payment and other consideration, the receipt and value of which is hereby agreed to and acknowledged, Plaintiffs on behalf of themselves, their heirs, successors, representatives, assigns, attorneys, agents, executors, and administrators ("Releasors"), hereby irrevocably and unconditionally release, acquit, and forever discharge Defendants and their present, past, and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, divisions, directors, officers, trustees, members, employees, stockholders, representatives, insurers, business managers, accountants, attorneys, heirs, agents, executors, and administrators, in their individual and representative capacities, and all persons acting by, through, and under, or in concert with any of these (hereinafter collectively referred to as "Releasees"), from any and all charges, complaints, claims, liabilities, obligations, suits, demands, rights, liens, costs, losses, debts, expenses, agreements, contracts, covenants, actions, suits, causes of action, judgments, and orders of whatever kind or nature in law, equity, or otherwise, including but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees, and costs actually incurred, of any nature whatsoever known or unknown, suspected or unsuspected, concealed or hidden, that Releasors had, now have, or in the future may or could have against Releasees, under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; New York Labor Law, § 1 et seq.; and any other claims for unpaid wages under federal, state or local law.

    b.    As a material inducement to Plaintiffs to enter into this Agreement, Defendants, in their individual and representative capacities, and their heirs, executors, administrators, present, past and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, agents, divisions, directors, officers, trustees, members, employees, stockholders, representatives, insurers, attorneys and all persons acting by, through, under or in concert with any of these, on behalf of themselves, (hereinafter collectively referred to as "Defendant Releasors") hereby irrevocably and unconditionally release, acquit and forever discharge Plaintiffs,

their heirs, successors, representatives, agents, executors and administrators, present, past and future owners, affiliates, related business entities, parent companies, subsidiaries, predecessors, successors, assigns, agents, divisions, directors, officers, trustees, members, employees, stockholders, representatives, insurers, attorneys, in their individual and representative capacities, and all persons acting by, through, under, or in concert with any of these on behalf of themselves (hereinafter collectively referred to as "Plaintiff Releasees") from any and all charges, complaints, claims, liabilities, obligations, suits, demands, costs, losses, debts and expenses, including, but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees and costs actually incurred, of any nature whatsoever known or unknown, suspected or unsuspected, which against the Plaintiff Releasees the Defendant Releasors had, now have, or in the future may or could have, arising out of or relating to any matter up to the effective date of this Agreement, whether under any theory, including, but not limited to, any and all claims in connection with Plaintiffs' alleged employment with Defendant Releasors and the cessation thereof, including but not limited all claims or causes of action that Defendant Releasors may have with respect to breach of contract, implied or express; impairment of economic opportunity; intentional or negligent infliction of emotional distress; false arrest; assault; battery; false imprisonment; invasion of privacy; prima facie tort; defamation; libel; slander; negligent termination; malicious prosecution; the Complaint; Amended Complaint or any other tort, whether intentional or negligent; or any claim or cause of action known or unknown.

      c.      Notwithstanding anything else set forth herein, nothing herein shall be deemed a waiver of: (i) claims for breach of this Agreement; (ii) claims that may arise based upon events occurring after the Effective Date; (iii) Kelvin Mejia Mendez's claims asserted in the New York State Division of Human Rights, Case No. 10200416, or (iv) claims that cannot be waived as a matter of law.

      d.      Plaintiffs acknowledge that they may discover facts or law different from or in addition to the facts or law they know or believe to exist with respect to a released claim. They agree, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

      e.      Plaintiffs acknowledge that they were paid and have received all compensation, wages, tips, gratuities, bonuses, commissions, and benefits to which they were entitled and that no leave, compensation, wages, tips, gratuities, bonuses, commissions, or benefits are due to them from Defendants.  Further, Plaintiffs acknowledge and agree that they have not suffered any workplace injury that has not already been reported to and/or addressed by Defendants.

      f.      If any legal proceeding, whether individual or class action, is instituted in court or a federal, state, or local administrative agency, including but not limited to any proceeding conducted by either the federal or state Departments of Labor (collectively referred to herein as "Proceeding"), Plaintiffs waive all relief available to them (including, without limitation, monetary damages, equitable relief, and reinstatement) under any of the claims and/or causes of action waived in Section 2 of this Agreement.  Therefore, Plaintiffs agree that they will not accept any award or settlement from any source or Proceeding (including but not limited to any Proceeding brought by any other person or by any government agency) with respect to any claim or right waived in this Agreement.  If

any such Proceeding is currently in process, Plaintiffs agree that they will, to the extent of their ability, seek to have it closed with prejudice.

3. **Non-Publication.** Plaintiffs agree that they will not in any manner notify any member of the media regarding the terms and conditions of the Settlement Amount or Agreement nor post or disseminate the terms and conditions of the Settlement Amount or Agreement on any social media (including, but not limited to, Facebook, Twitter, Instagram, Law 360 or similar media outlets). Such prohibition extends to dissemination to any member of the media or on social media of any information, whether oral, electronic or in any document form including but not limited to providing copies of this Agreement, and information regarding the terms of this Agreement. Notwithstanding the aforementioned provision, nothing herein shall preclude Plaintiffs from divulging any information to any agency of the federal, state or local government or court pursuant to court order and/or subpoena, for which appearance Plaintiffs may receive any fees allowed by law. Plaintiffs agree to notify Defendants within ten (10) business days if they are compelled by subpoena or court order, or otherwise contacted by any third parties, to appear and testify concerning matters encompassed by this Agreement. Plaintiffs also agree they will not contest Defendants' standing to move to quash any such subpoena. Nothing in this Article 3 shall prohibit the Parties from speaking truthfully about their claims and/or defenses, under the FLSA or NYLL, or the resolution thereof. Further, nothing in this Article 3 shall prevent the Parties from filing the executed Settlement Agreement with the Court for approval, or the Court from publishing the details of the resolution of those claims.

4. **Remedy for Breach.** In the event a Party fails to comply with the terms and conditions of this Agreement, the non-breaching Party shall be entitled, in addition to any other right or remedy it may have at law or in equity related to breaches of this Agreement, to all reasonable costs associated with enforcing this Article and the Agreement overall, including but not limited to attorneys' fees, if said non-breaching Party prevails in a claim for breach of this Agreement, as determined by a court of competent jurisdiction.

5. **No Admissions.** Plaintiffs acknowledge and agree that Defendants have entered into this Agreement solely for the purpose of avoiding the burden, uncertainty, and cost of protracted proceedings and/or litigation. Further, neither this Agreement nor the furnishing of consideration for the general release intended shall be construed as an admission that Defendants or any Releasee has violated any federal, state, or local law (statutory or decisional), ordinance, or regulation, or that Defendants or any Releasee has committed any wrong against Plaintiffs.

6. **Representations and Acknowledgements.** Plaintiffs hereby represent and agree that they have been advised by Defendants of their right to discuss all aspects of this Agreement with an attorney, financial advisor, and/or representative of their choice; they have so consulted with an individual/entity of their choice and that individual/entity has answered any questions they might have had, or they had the opportunity to consult with an individual/entity of their choice and chose not to do so; they have carefully read all of the provisions of this Agreement; they fully understand all of the provisions of this Agreement; they have had a reasonable period of time to consider whether to enter into this Agreement; and they are voluntarily and knowingly entering into this Agreement.

7. **Entire Agreement.** This Agreement represents the complete and full settlement of any and all claims of Plaintiffs against Defendants or any Releasee under the FLSA and NYLL and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof. Plaintiffs represent and acknowledge that in executing this Agreement, they do not rely upon any representation or statement made by Defendants with regard to the subject matter, basis, or effect of this Agreement other than those contained herein. This Agreement may not be changed in any respect, except by a writing, duly executed by the Parties or authorized representatives of the Parties.

8. **Capability to Waive Claims.** Plaintiffs are competent to affect a knowing and voluntary release and waiver of all claims as is contained herein, and hereby do so waive all such claims, and to enter into this Agreement and are not affected or impaired by use of alcohol, drugs, or other substances or otherwise impaired. None of the Plaintiffs is a party to any bankruptcy, lien, creditor-debtor, or other proceeding that could impair the right to settle all claims against Defendants or to waive all claims that Plaintiffs may have against Defendants as waived and released herein.

9. **No Waiver.** Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power at any other time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

10. **Severability.**

   a.   The provisions of this Agreement shall be deemed separate and severable. Should any provision or portion of the Agreement be held invalid or unenforceable, the affected provision shall be modified to the extent necessary to make it legal, valid, and enforceable. If it cannot be so modified, it shall be severed from the Agreement, and the remainder of this Agreement shall remain unaffected and continue in full force and effect, which then shall be interpreted to bar any and all claims Plaintiffs may have against Defendants.

11. **Jointly Drafted Agreement.** This Agreement shall be deemed to have been jointly drafted by the Parties, and no provision herein shall be interpreted or construed for or against any Party because such Party drafted or requested such provision or this Agreement as a whole.

12. **Applicable Law, Jurisdiction, and Venue.** The interpretation and application of the terms of this Agreement shall be governed by the laws of the State of New York, excluding its conflicts of law provisions that would result in the application of the laws of any jurisdiction other than New York. The Parties submit to and recognize the exclusive jurisdiction and proper venue of the courts of the State of New York, County of Bronx, or the United States District Court for the Southern District of New York, sitting in New York, New York, over any action or other proceeding arising out of or in connection with this Agreement, or over the terms of any continuing obligation to Releasees. To the extent permitted by applicable law, the Parties waive and agree not to assert, by way of motion, as a defense, or otherwise, that the suit, action, or proceeding is brought in an inconvenient forum, that the venue of the suit, action, or proceeding is improper, or that this Agreement may not be enforced in or by such courts. The parties consent and stipulate to the

jurisdiction of the United States District Court for the Southern District of New York and Magistrate Judge Stewart D. Aaron for any future proceeding to enforce this Agreement.

13. **No Assignment of Claims**. Plaintiffs represent and warrant that they have not assigned or hypothecated any claims herein released in any manner to any person or other entity, in any manner, directly or indirectly. Plaintiffs are not aware of any liens and/or pending legal claims applicable to the Payment. Plaintiffs also agree that they will be solely responsible to satisfy any liens or pending legal claims asserted against Plaintiffs or Releasees as against the Payment.

14. **Counterpart Signatures.** This Agreement may be signed in counterparts, provided that each Party receives a copy fully signed by the other Party. Electronic signatures such as fax or .pdf or .tiff files shall be given the same force and weight as if they were original signatures.

15. **Notice.** Any notice or other communication required or permitted to be given in connection with this Agreement shall be in writing and shall be mailed by e-mail or certified mail, return receipt requested, or by the most nearly comparable method of mailing from or to a location outside the United States, or by Federal Express, Express Mail, or similar overnight delivery or courier service or delivered in person to the Party to whom it is to be given at the address of such Party as set forth in this Section (or to such other address as the Party shall have furnished in writing in accordance with this Section):

>Kelvin Mejia Mendez, Andres Perez, and Johanny Demoya c/o Michael Falliace & Associates,
>60 East 42nd Street, Suite 4510
>New York, New York 10165
>Attn: Joshua S. Androphy, Esq.
>jandrophy@failliacelaw.com

>Sweet Sam's Baking Company LLC, David Grogan, and Esperanza Lopez c/o McLaughlin & Stern LLP
>260 Madison Avenue
>New York, NY 1—16
>Attn: Brett R. Gallaway, Esq.
>BGallaway@mclaughlinstern.com

16. **Effective Date.** This Agreement shall become effective as of the date of the Order of the Court approving this Agreement or as of the date the Court So-Orders the Stipulation, whichever is later, without need of any further action by any Party or the Court.

**PLAINTIFFS ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT; THAT THIS AGREEMENT HAS BEEN FULLY EXPLAINED TO THEM BY COUNSEL OF THEIR CHOICE, NAMELY MICHAEL FAILLACE & ASSOCIATES, P.C.; THAT THEY FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT; THAT THE ONLY PROMISES MADE TO THEM IN EXCHANGE FOR**

SIGNING THIS AGREEMENT ARE THOSE STATED ABOVE; AND, THAT THEY ARE SIGNING THIS AGREEMENT VOLUNTARILY IN ORDER TO FINALLY, COMPLETELY AND CONCLUSIVELY SETTLE ALL MATTERS THAT WERE OR COULD HAVE BEEN RAISED IN THE COMPLAINT AND/OR THE AMENDED COMPLAINT. PLAINTIFFS AGREE TO WAIVE AND RELEASE ANY CLAIM THAT THIS AGREEMENT WAS PROCURED BY OR THAT THEY WERE INDUCED TO ENTER INTO THIS AGREEMENT BY FRAUD, DURESS, MISUNDERSTANDING, OR COERCION AND FURTHER WAIVE AND RELEASE ANY CLAIM FOR FRAUD IN THE INDUCEMENT OR ANY SIMILAR CLAIM.

**KELVIN MEJIA MENDEZ**

By: _/s/ Kelvin Mejia Mendez_
    Kelvin Mejia Mendez

Date: 03/04/2020

**ANDRES PEREZ**

By: _____
    Andres Perez

Date: _____

**JOHANNY DEMOYA**

By: _/s/ Johanny Demoya_
    Johanny Demoya

Date: 03/5/2020

P.C.; THAT THEY FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT; THAT THE ONLY PROMISES MADE TO THEM IN EXCHANGE FOR SIGNING THIS AGREEMENT ARE THOSE STATED ABOVE; AND, THAT THEY ARE SIGNING THIS AGREEMENT VOLUNTARILY IN ORDER TO FINALLY, COMPLETELY AND CONCLUSIVELY SETTLE ALL MATTERS THAT WERE OR COULD HAVE BEEN RAISED IN THE COMPLAINT AND/OR THE AMENDED COMPLAINT. PLAINTIFFS AGREE TO WAIVE AND RELEASE ANY CLAIM THAT THIS AGREEMENT WAS PROCURED BY OR THAT THEY WERE INDUCED TO ENTER INTO THIS AGREEMENT BY FRAUD, DURESS, MISUNDERSTANDING, OR COERCION AND FURTHER WAIVE AND RELEASE ANY CLAIM FOR FRAUD IN THE INDUCEMENT OR ANY SIMILAR CLAIM.

**KELVIN MEJIA MENDEZ**

By: _____
Kelvin Mejia Mendez

Date: _____

**ANDRES PEREZ**

By: *[signature]*
Andres Perez

Date: 3/4/2020

**JOHANNY DEMOYA**

By: _____
Johanny Demoya

Date: _____

{N0115148.1}                                                              8

**SWEET SAM'S BAKING COMPANY, LLC**

By: *[signature: Matthew Grogan]*

Its: GC

Date: 2-24-20

**DAVID GROGAN**

By: *[signature]*
David Grogan

Date: 2/24/2020

**ESPERANZA LOPEZ**

By: *[signature: Esperanza Lopez]*
Esperanza Lopez

Date: 2.24.2020

{N0115148.1}                                                                 9